UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLOS D. GABARRETE,

                Plaintiff,

   v.

C.B HAZEL, et al.,

                Defendants.

_____/

CASE NO.   1:11-CV-00324-MJS (PC)

ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 10)

AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

**SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

      Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Order re Consent, ECF No. 8.)

      Plaintiff filed a First Amended Complaint on June 21, 2011 (First Am. Compl., ECF No. 10) without the original Complaint having been screened by the Court. The First

-1-

Amended Complaint is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges:

Defendants discriminated against Plaintiff because he is Mexican and does not speak English. They  removed him from his assigned cell on May 28, 2010 and housed him in an unsanitary and cramped holding cage with no bed, water or toilet, pursuant to a

-2-

policy[1] implemented by the Warden. (First Am. Compl. at 9-11.) He complained and soiled himself due to lack of toilet access. (Id. at 9.) Defendants retaliated by pepper spraying, beating and kicking Plaintiff into unconsciousness and denying him medical care for his injuries. (Id. at 10.) He claims violations of the First, Eighth, and Fourteenth Amendments. (Id. at 13-21.)

Plaintiff names as Defendants the following corrections and medical staff at Corcoran State Prison ("CSP") (1) Correctional Officer D. Navarro, (2) Correctional Officer G. Hernandez, (3) Correctional Officer F. Hernandez, (4) Correctional Officer J.D. Finely, (5) Correctional Officer F. Gonzalez, (6) Correctional Officer D. Madsen, (7) Correctional Officer M. Banks, (8) Correctional Sergeant C.B. Hazel, (9) Correctional Sergeant J. Medina, (10) Correctional Sergeant J. Prudhel, (11) Warden Paul Lopez, (12) Chief Medical Officer/Medical Facility Staff Does 1-20. (Id. at 4-8.)

Plaintiff seeks an injunction requiring wall mounted cameras in the Security Housing Unit (SHU) and Administrative Segregation Unit (Ad-Seg) and creation of a use of force investigative unit; criminal charges against Defendants who used excessive force against him; and compensatory, special and punitive monetary damages and costs of suit. (Id. at 21-22.)

IV.   **ANALYSIS**

   A.   **Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the

---

[1] Operational Procedure Addendum No. 241. (First Am. Compl. at 14.)

alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B.    Personal Participation and Doe Defendants

Under § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff alleges facts of personal participation by Defendant Hazel, who kicked him,

and Warden Lopez, who implemented the allegedly discriminatory operational procedure that led to Plaintiff's injuries. However, Plaintiff fails to allege any facts personally linking any other named or Doe Defendants to the alleged rights violations. There are no facts from which the Court might conclude that these Defendants personally participated in the events alleged in Plaintiff's First Amended Complaint. They cannot be held liable based solely upon an allegation of supervisorial responsibility. Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each personally violated, or knowingly directed a violation of his constitutional rights.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that Doe Defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants. Id.

## C.   Excessive Force

Plaintiff alleges that corrections staff Defendants used, directed, and/or approved the use of excessive force against him in violation of the constitutional right to be free of such force.

-5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, ―― U.S. ――, ――, 130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably

perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Plaintiff's allegations of significant force, i.e. being pepper-sprayed, beaten and kicked to unconsciousness with resulting physical injury certainly suggests the possibility the force was excessive. However, Plaintiff provides little detail regarding the events immediately leading up to the use of force, the duration of force applied, and his response to the force to enable the Court to determine if it was unnecessary and unjustified under the circumstances. Experience would suggest the possibility Plaintiff was doing or failed to do something that likely precipitated the use of the force. Plaintiff must set out sufficient details to enable a meaningful analysis of relevant circumstances.

The Court will grant Plaintiff an opportunity to amend this claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named Defendant acted maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, at *4, *5 (E.D. Cal. Feb.13, 2008) (plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline). Plaintiff must also describe in detail what injuries, if any, he experienced as a result.

D.    **Inadequate Medical Care**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

18
19
20
21
22
23

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

24
25
26
27

Plaintiff alleges injuries from the application of force including "blind[ness] in his left eye, impaired vision in his right eye, a broken bone in [his] lower back, severe damage to his left leg and ankle, loss of mobility to his left shoulder ... severe pain in his head in the

-8-

form of migraines ... lack of concentration and at times a loss of awareness." (First Am. Compl. at 10.) Such injuries would be expected to cause interference in daily activities and further injury. See McGuckin, 947 F.2d at 1059–60 ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Plaintiff has alleged, for purposes of screening, a serious medical need sufficient to satisfy the first prong of a deliberate indifference claim.

However, Plaintiff has not alleged facts demonstrating that any of the Defendants were deliberately indifferent to his medical needs. He states that "he has been constantly met with hostile and adverse medical treatment denying him medical care", (First Am. Compl. at 11), that medical staff Defendants "belittled, berated and insulted" him (Id.), and that "Plaintiff is denied medical treatment based on these circumstances." (Id.) Plaintiff appears to allege both that he received treatment and was denied treatment. He does not sufficiently allege facts that Defendants were aware of his medical needs and then intentionally denied or delayed treatment or treated him in medically inappropriate manner.

Plaintiff has not alleged facts supporting Defendants knowingly disregard of an excessive risk of harm. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson, 503 U.S. at 9.

If Plaintiff chooses to amend he must set forth sufficient facts showing in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendants.

///////

### E.    Conditions of Confinement

Plaintiff alleges that he was housed in "standing holding cages located in the Rotunda Hallway" which "are not designed ... for overnight stay/sleeping quarters", are "cold", the "floor [of which] was filed with dust, dirt, spiders, other peoples hair and infested with roaches and rodents, as well as dried blood on the walls and bars including toenail clippings", and which have "no access to drinkable water or sanitary toilet facilities" and that this was pursuant to an "[Operational Procedures Addendum No. 241] implemented by the Warden" (First Am. Compl. at 9, 14, 17).[2]  He complained and made "numerous requests" to "use the restroom ... directed toward the Defendants who were assigned to 4B-Yard 2 Left Building as staff guards and sergeants"  who "threatened him with physical harm if he did not shut up" whereupon he soiled himself. (Id.)

### 1.    Eighth Amendment

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); see Buckley v. Presley 163 Fed. Appx. 550, 552 (9th Cir. 2006) (it constitutes cruel and unusual punishment when a prisoner is "treated in a way antithetical to human dignity [by being placed] for an extended period of time in a position that [is] painful, and under circumstances that [are] both degrading and dangerous."). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v.

---

[2] Plaintiff does not include a copy of Operational Procedures Addendum 241 with his First Amended Complaint.

Seiter, 501 U.S. 294, 298, (1991).

First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered. Johnson 217 F.3d at 731. "The more basic the need, the shorter the time it can be withhold." Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Here Plaintiff does not allege facts as to the circumstances, nature, and duration of his confinement in the holding cage. A lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. See Johnson, 217 F.3d at 732–33) (prisoners' allegations that they did not receive adequate access to toilets, and then were not allowed to clean themselves after, if believed, is sufficiently serious to satisfy objective component); see also Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (a lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment); see also Knop v. Johnson, 667 F.Supp. 467, 480 (W.D. Mich. 1987) (violation of Eighth Amendment where prison staff does not provide inmates "necessary access to toilet facilities and a washbasin and thus subject them to a substantial risk of having to defecate or urinate in their room without the benefit of a flushable toilet or a washbasin."). There are no facts before the Court as to why Plaintiff was housed in the holding cage, any procedures and conditions under which he was housed, what provision if any was made for water and toilet access, and the duration of both his confinement in the cage and denial of access to water and toilet

-11-

facilities.[3] Plaintiff has failed to allege an objectively serious deprivation.

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Here Plaintiff has not alleged facts of an objectively serious deprivation and risks created thereby and so cannot demonstrate Defendants' subjective deliberate indifference thereto. Defendants failure to immediately respond to requests for toilet access, while no doubt uncomfortable, is not alone sufficient to support a deliberate indifference claim. Plaintiff fails to allege facts demonstrating subjective deliberate indifference.

Verbal harassment of a prisoner generally does not violate the Eighth Amendment. Keenan, 83 F.3d at 1092.

If Plaintiff chooses to amend, he must set forth sufficient facts showing an objectively serious deprivation and deliberate indifference thereto by Defendants.

> ### 2.   Fourteenth Amendment

The Due Process Clause itself does not confer on inmates a liberty interest in

---

[3] E.g., Plaintiff does not allege his program, classification, or chronos. An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification decisions). Typically administrative segregation in and of itself does not implicate a protected liberty interest. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Constitutionally protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 483–84 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan, 83 F.3d at 1089. The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano, 345 F.3d at 1078.

Plaintiff has not alleged facts as to whether he was in administrative or disciplinary housing, the procedures and conditions under which he was housed, what provision if any was made for water and  toilet access, and the duration of his confinement in the cage and denial of access to water and toilet facilities.[4] Plaintiff has failed to allege atypical and significant hardship. See Williams v. Clancy 449 Fed. Appx. 87, 88 (3rd Cir. 2011) (placement of a prisoner in a holding cell for disciplinary reasons did not violate prisoner's due process right.) Plaintiff has not alleged facts showing significant and atypical hardship

---

[4] See supra note 3.

-13-

under the Due Process Clause.

If Plaintiff chooses to amend he must allege facts demonstrating Defendants' violation of an identified liberty interest.

### F.   Retaliation

Plaintiff alleges Defendants retaliated for his oral and grand jury complaints of physical, psychological and discriminatory abuse and conditions of confinement (First. Am. Compl. at 12) by failing to address his complaints and by denying him medical care. (Id. at 15-20.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action[5] against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

The bare allegation that Defendants failed to address Plaintiff's oral complaints does not demonstrate "adverse action".[6] Plaintiff has not demonstrated that Defendants refused to provide him with medical care. Reclassification for housing purposes is not "retaliation" where there is "some evidence" to support reclassification and a legitimate penological purpose. Barnett v. Ceneoni, 31 F.3d 813, 816 (9th Cir. 1994); Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Plaintiff has not described any action taken by Defendants that

---

[5] See Morris v. Powell, 449 F.3d 682, 684-85 (5th Cir. 2006) (De minimis harm is not sufficient to show "adverse action").

[6] There is no indication that Plaintiff utilized the prison grievance process.

is adverse. Plaintiff has not satisfied the first element.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. See Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); accord Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997); see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff has not alleged facts demonstrating or implying that Defendants took any "adverse action" caused by or motivated by his protected conduct. The contention that corrections staff ignored his oral complaints about conditions of confinement, and medical staff refused him care because of the making of such complaints and his separate complaint to the grand jury,[7] is conclusory, appears to be purely speculative and not supported by fact. Plaintiff has not identified Defendants who were aware of his alleged protected conduct. Nor has he factually supported adverse action that might have been caused or motived by such conduct. Plaintiff has not satisfied the second element.

Plaintiff has not sufficiently alleged conduct protected by the First Amendment. The filing of prison grievances, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.

---

[7] Plaintiff has not included the grand jury complaint with his First Amended Complaint.

1989), the making of oral complaints to prison personnel about prison conditions relating to matters of public concern and designed to effect a change in prison policy, Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006), and accessing the court for civil rights purposes (Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985), are all actions protected by the First Amendment. Plaintiff alleges he "voiced complaints about ... conditions of confinement" and submitted "a grand jury complaint to the Kings County Superior Court". (First Am. Compl. at 12, 17.) He has not alleged that he used the prison grievance process, or complained as to a matter of public concern and to effect a change in prison policy, or that he accessed the court for habeas or civil rights purposes. He has not factually supported protected conduct. Plaintiff has not satisfied the third element.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). It cannot be said that Plaintiff's First Amendment rights were chilled; Plaintiff filed this civil rights litigation. Plaintiff has not satisfied the fourth element.

With respect to the fifth prong, a prisoner must affirmatively allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See Id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). There are no factual allegations showing retaliatory conduct

by Defendants, or that Defendants acted in excess of legitimate penological goals. Plaintiff has not satisfied the fifth element of his retaliation claim.

"[V]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).

Plaintiff has not alleged sufficient facts to satisfy all five elements of his retaliation claim.

If Plaintiff chooses to amend, he must set forth sufficient facts showing all five of the above noted elements attributable to each of the Defendants.

## G.   Equal Protection

Plaintiff brings a "class of one"[8] discrimination claim alleging that he was denied medical treatment, verbally abused, and intentionally removed from his assigned housing cell and forced to live in the holding cages, because he is Mexican and non-English speaking (First Am. Compl. at 18, 19), and that "similarly situated prisoners do not seem to be treated the same as Plaintiff is treated." (Id. at 20.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano, 345 F.3d at 1082, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently

---

[8] [An] equal protection claim may be brought by a "class of one," where the plaintiff alleges that he/she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

without a rational relationship to a legitimate state purpose. Village of Willowbrook, 528 U.S. at 564; see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); see also North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

"Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for "the necessities of prison security and discipline." Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (citing Cruz v. Beto, 405 U.S. 319, 321(1972) (quoting Lee v. Washington, 390 U.S. 333, 334 (1968). "In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness, specifically whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker, 370 F.3d at 974 (citing Turner v. Safley, 482 U.S. 78, 89 (1987). Although the Equal Protection Clause ensures similarly situated persons are treated alike, it does not ensure absolute equality. Bruce, 351 F.3d at 1288 (citing U.S. v. Devlin, 13 F.3d 1361, 1363 (9th Cir. 1994)) (citing Ross v. Moffitt, 417 U.S. 600, 609, 612 (1974)).

Plaintiff has not supported his claim Defendants refused to provide medical care and thus not shown that such alleged deprivation was a basis for disparate treatment. He alleges that he was housed in the holding cage while other similarly situated inmates were not and refers to Defendants' use of racial epithets as evidence of their improper intent. However, in the absence of facts demonstrating his program and classification status and the Operational Procedure Addendum underlying his housing assignment, the Court cannot determine the plausibility of his claim that he was housed in a holding cage because of discrimination rather than rational and penological purposes. Therefore, Plaintiff fails to state a claim for relief for violation of his rights to equal protection.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements attributable to each of the Defendants.

## H.   Injunctive Relief

Plaintiff seeks injunctive relief requiring wall mounted cameras in the Security Housing Unit (SHU) and Administrative Segregation Unit (Ad-Seg) and creation of a use of force investigative unit. He fails to satisfy the legal prerequisites for injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His First Amended Complaint fails to state a cognizable claim. There are no factual allegations of real and immediate threat of injury and irreparable harm.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, there are no facts demonstrating that injunctive relief would be in the public interest. The record before the

-19-

Court does not justify the Court substituting its judgment for that of prison staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each

claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint, filed June 21, 2011;

2.   Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.   Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva, 658 F.3d 1090.

IT IS SO ORDERED.

Dated:   April 2, 2012                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

-21-