1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOS D. GABARRETE,

                   Plaintiff,

   v.

C.B HAZEL, et al.,

                  Defendants.

_____/

CASE NO.    1:11-CV-00324-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
SECOND AMENDED COMPLAINT WITH
LEAVE TO AMEND

(ECF NO. 15)

AMENDED COMPLAINT DUE WITHIN
THIRTY (30) DAYS

**SECOND SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

      Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed a First Amended Complaint on June 21, 2011 (First Am. Compl., ECF No. 10) without the original Complaint having been screened by the Court. The First Amended Complaint was dismissed with leave to amend for failure to state a claim. (Order Dismiss.

-1-

First Am. Compl., ECF No. 14.) Plaintiff then filed a Second Amended Complaint (Second Am. Compl., ECF No. 15) which is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.    SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff reiterates his claim that he was incarcerated at Corcoran State Prison (CSP) in the Security Housing Unit (SHU) when, on May 28 2010, Defendant corrections staff members used excessive force against him in violation of his Eighth Amendment rights.[1]

---

[1] Plaintiff's Second Amended Complaint attaches documents unrelated to the May 28, 2010 incident; the Court disregards these unrelated documents.

(Second Am. Compl. at 3.)

Defendants were escorting Plaintiff, who was mechanically restrained, from one SHU holding area to another when, without provocation or necessity they sprayed him with pepper spray, kicked him, and banged his head against the concrete floor until he lost consciousness, awakening later in the hospital. (Id.)

He suffered physical injuries, pain and mental distress. (Id. at 3.)

He names as Defendants  (1) Sgt. Hazel, (2) Sgt. Medina, (3) Sgt. Prudhel, (4) Sgt. Torres, (5) Sgt. Sumaya, (5) Off. Navarro, (6) Off. Esquival.

He seeks injunctive relief, monetary compensation, and employment sanctions against Defendants. (Id.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B.   Excessive Force

Plaintiff alleges Defendants used excessive force against him in violation of the constitutional right to be free of such force.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, —— U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). The analysis of an excessive force claim brought pursuant to § 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham, 490 U.S. at 394. The Eighth Amendment's prohibition on cruel and unusual punishments applies to incarcerated individuals, such as Plaintiff. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of

-4-

physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10.

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 6–7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens, 130 S.Ct. at 1176–77; see also Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991) (unprovoked and unjustified attack on prisoner violates constitution regardless of degree of injury).

Courts have found a cognizable excessive force claim where an officer used pepper spray without warning on an inmate who may have questioned his actions but who otherwise posed no threat, Treats v. Morgan, 308 F.3d 868, 873 (8th Cir. 2002), and where an inmate was sprayed with mace for no apparent reason, Griffin v. Murphy, 889 F.Supp. 349, 350 (E.D. Wis. 1995), but not where guards administer a single shot of pepper spray as a proportionate response when inmate becomes agitated and refuses to obey orders. Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009); see also Fennell v. Gilstrap, 559 F.3d 1212, 1217, (11th Cir. 2009) (finding a jailor's kick to pretrial detainee's face, resulting in fractures, not to be excessive force under the Fourteenth Amendment where inmate was struggling with other officers and had not yet been secured, and officers immediately offered medical care, the court there noting "use of force does not 'shock the conscience' if it is

-5-

applied in 'a good-faith effort to maintain or restore discipline.'")

The Court in its original screening order advised Plaintiff that his allegations of significant force suggest the force was excessive, but that he had provided insufficient detail regarding the events immediately leading up to the use of force, the duration of force applied, and his response to the force to enable the Court to determine if it was unnecessary and unjustified under the circumstances. (Order Dismiss. First Am. Compl. at 7.)

Plaintiff's Second Amended Complaint includes the conclusory allegation that the May 28, 2010 "assault" was "unprovoked and unnecessary due to [his] being under mechanical restraints and escorted by numerous corr[ections] staff" (Second Am. Compl. at 3), but again provides no factual detail regarding this incident. Plaintiff fails to allege facts necessary for the Court to conduct an excessive force analysis.

The Court takes notice of Plaintiff's Complaint in this action which attaches Serious Rules Violation and Incident Reports for Plaintiff's battery upon Defendant Hazel in the May 28, 2010 incident. These Reports indicate that during the escort Plaintiff disobeyed orders, attempted to kick Defendant Hazel and upon application of pepper spray lunged at and struck Defendant Hazel, continuing to resist and kick as escorting Defendants used force to gain control of him, ultimately requiring application of leg restraints prior to transport to the hospital. (Compl. at 20-57.)

It appears that Plaintiff has violated Rule 11 of the Federal Rule of Civil Procedure by submitting contradictory statements - the use of force would not be unprovoked and unnecessary if caused by Plaintiff's failure to obey orders, battery upon an officer and subsequent resistance to force.  Accordingly, if Plaintiff attempts to amend he is to cogently

explain this inconsistency or his pleading will be striken as a sanction for his lack of candor to the Court. Plaintiff is not allowed to proceed on his excessive force claim against Defendants and will not be allowed to do so unless he provides sufficient explanation as to the contradictions between the allegations of the Second Amended Complaint and the exhibits attached to his original Complaint in this action, and provides truthful facts detailing the May 28, 2010 incident to enable a meaningful analysis of relevant circumstances demonstrating a cognizable excessive force claim.

The court will give Plaintiff one final opportunity to amend his pleading to explain the inconsistency noted above, and to include information described herein which is essential to a valid claim. In order to state a cognizable claim for excessive force in an amended complaint, Plaintiff must provide truthful facts, not just speculation or suspicion, that support the allegation that, under the circumstances, each named defendant acted unreasonably, maliciously, sadistically, and motivated by a desire to cause harm to Plaintiff. See Dennis v. Huskey, 2008 WL 413772, at *4, *5 (E.D. Cal. Feb.13, 2008) (plaintiff provided sufficient factual detail to support the allegation that the defendant slammed the food port door shut maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline).

## V.   CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Plaintiff is reminded of his duty to explain in his amended pleading the above noted inconsistency and to comply with Rule 11 of the Federal Rules of Civil Procedure.

Based on the foregoing, it is **HEREBY ORDERED** that:

-8-

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Second Amended Complaint filed May 8, 2012,

2.      Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    May 31, 2012              /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE