# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. GABARRETE, | CASE No. 1:11-cv-00324-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RESPONSE SUPPLEMENTING OPERATIVE PLEADING |
| v. | (ECF No. 34) |
| C.B. HAZEL, et al., | |
| Defendants. | |

Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.)

On July 16, 2012, Plaintiff filed his Fourth Amended Complaint. (ECF No. 25.) On July 31, 2012, the Court issued its order screening the Fourth Amended Complaint, finding cognizable Eighth Amendment claims against Defendants Hazel, Medina, Prudhel, Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to protect, and medical indifference, and ordering Plaintiff to either file an amended complaint or notify

-1-

the Court of his willingness to proceed on the cognizable claims. (ECF No. 27.)

On August 6, 2012, Plaintiff filed a Fifth Amended Complaint. (ECF No. 31.)

On August 9, 2012, Plaintiff filed a response to the Court's Order to Amend or Notify. It reflects his willingness to proceed on the previously identified cognizable claims but also asks the Court to screen the Fifth Amended Complaint. (ECF No. 32.)

On August 21, 2012, the Court issued its order requiring Plaintiff to clarify, by not later than September 10, 2012, whether he wishes to proceed upon the previously identified cognizable Eighth Amendment claims against Defendants Hazel, Medina, Prudhel, Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to protect, and medical indifference, or upon the as yet unscreened Fifth Amended Complaint. (ECF No. 33.)

On August 27, 2012, Plaintiff filed a purported response to the Court's order dated July 30, 2012, supplementing either the Fourth Amended Complaint or the Fifth Amended Complaint (ECF No. 34), whichever is deemed operative. The proposed supplement is now before the Court.

Plaintiff's proposed supplementation is denied. Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220. A plaintiff may not supplement as to events occurring prior to the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Here Plaintiff seeks to impermissibly file a partial amendment supplementing the operative pleading.

Plaintiff is reminded that, by not later than September 10, 2012, he must notify the Court in writing whether he wishes to proceed upon the Fourth Amended Complaint's previously identified cognizable Eighth Amendment claims against Defendants Hazel, Medina, Prudhel, Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to protect, and medical indifference, or upon the as-yet-unscreened Fifth Amended Complaint. Failure to comply by the September 10th deadline may result in dismissal of this action for failure to obey a Court order.

Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's response

supplementing the operative pleading (ECF No. 34) is DENIED.


IT IS SO ORDERED.

Dated:   August 29, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE