UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. GABARRETE,<br><br>            Plaintiff,<br><br>    v.<br><br>C. B. HAZEL, et al.,<br><br>            Defendants.<br>_____/ | CASE No. 1:11-cv-00324-MJS (PC)<br><br>ORDER DENYING RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(ECF No. 50) |

**I.      PROCEDURAL HISTORY**

Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 25, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

This matter proceeds on Plaintiff's Fourth Amended Complaint claims against Defendants Hazel, Medina, Prudhel, Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to protect, and medical indifference. (Order re Cognizable Claims, ECF No. 37.) Defendants filed a Motion to Dismiss the action on January 1, 2013. (Mot. Dismiss., ECF No. 49.)

On November 27, 2012 the Court denied Plaintiff's Motion for Appointment of Counsel. (Order Den. Counsel, ECF No. 48.) On January 7, 2013, Plaintiff filed a

Motion for Reconsideration of that Order. (Mot. Recons., ECF No. 50.) The Motion for Reconsideration is now before the Court.

## II.     LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## III.    ARGUMENT

Plaintiff asserts that he can not represent himself because his ability to read, write and speak English is very limited; he has less than a fourth grade education; his is a disabled ADA inmate; and he relies on other inmates to translate, draft documents and assist in prosecuting this action. He can not afford counsel. He has sought out volunteer counsel without success.

He rests his right to counsel on authority for appointment of counsel in criminal proceedings. He includes with his motion supporting declarations from fellow inmates.

## IV. ANALYSIS

Plaintiff seeks reconsideration based upon facts and circumstances previously considered and ruled upon. His limited English and education and his reliance on fellow inmates in prosecuting this matter do not demonstrate exceptional circumstances for appointment of counsel. The Court has had before it hundreds of such cases which have progressed through discovery, law and motion activity and even trial despite plaintiffs' limited communication skills and education.

Plaintiff's arguments for appointment of counsel were previously considered and rejected by the Court (Order Den. Counsel, ECF No. 48), as were his arguments for injunctive relief against threats and interference with access to court. (Order Directing Re-Issue of Service Doc., ECF No. 41.) Plaintiff presents no basis for reconsideration of these orders.

The record in this matter suggests that, even assuming the limitations he asserts, Plaintiff can sufficiently prosecute what appear to be relatively straightforward Eighth Amendment claims. The present motion does not suggest new or different facts or circumstances, not previously considered by the Court, suggesting otherwise.

Plaintiff does not have a right to appointed counsel in this case. His reference to rights to counsel under the Sixth Amendment are not applicable. 28 U.S.C. § 1915(e)(1); Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Plaintiff provides no basis for granting a motion for reconsideration. He cites to no error, newly discovered evidence, or other grounds supporting reconsideration.

## V. CONCLUSIONS AND ORDER

Plaintiff has not met the burden imposed upon a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other meritorious grounds for relief from the November 27, 2012 Order Denying Counsel.

////////
////////
////////

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's November 27, 2012 Order Denying Appointment of Counsel (ECF No. 50) is DENIED.

IT IS SO ORDERED.

Dated:    January 23, 2013               /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE