IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

CARLOS D. GABARRETE,                          CASE No. 1:11-cv-00324-MJS      (PC)

        Plaintiff,                          ORDER DENYING MOTION FOR
                                              APPOINTMENT OF COUNSEL
    v.

                                 (ECF No. 57)

C. B. HAZEL, et al.,

        Defendants.
_____/

      Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma pauperis filed this civil rights action on February 25, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's Fourth Amended Complaint claims against Defendants Hazel, Medina, Prudhel, Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to protect, and medical indifference. (ECF No. 37.) Defendants filed a Motion to Dismiss the action on January 7, 2013 (ECF No. 49), which has not yet been ruled on by the Court.

      Plaintiff filed a Motion for Appointment of Counsel on April 4, 2013 (ECF No. 57), which is now before the Court.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an

attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The cognizable Eighth Amendment claims screened by the Court do not appear to be novel or unduly complex. Defendants have filed a motion seeking dismissal of Plaintiff's claims. The facts alleged to date appear straightforward

1   and unlikely to involve extensive investigation and discovery.

2        The record in this case demonstrates sufficient writing ability and legal

3   knowledge to articulate the claims asserted. The Court does not find that at present,

4   even if Plaintiff is confined in segregated housing and has difficulty communicating in

5   English as referenced in his motion, he can not adequately articulate his claims pro se.

6        Additionally, it is not apparent on the record that before bringing this motion

7   Plaintiff exhausted diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does

8   not demonstrate that efforts to secure counsel necessarily would be futile.

9        For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF

10  No. 57) is HEREBY DENIED, without prejudice.

18  IT IS SO ORDERED.

19  Dated:   April 5, 2013                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE

---

26  [1] See, e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).