IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

CARLOS D. GABARRETE,

          Plaintiff,

   vs.

C.B. HAZEL, et al.,

          Defendants.

_____/

CASE No. 1:11-cv-00324-MJS (PC)

FINDINGS AND RECOMMENDATIONS
(1) DENYING PLAINTIFF'S REQUESTS
FOR COUNSEL AND LEAVE TO
AMEND, and  (2) GRANTING
DEFENDANTS' MOTION TO DISMISS
THIS ACTION WITHOUT PREJUDICE
FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

(ECF Nos. 49, 55)

OBJECTIONS DUE WITHIN
FOURTEEN (14) DAYS

## I.     PROCEDURAL HISTORY

     Plaintiff Carlos D. Gabarrete, a state prisoner proceeding pro se and in forma

pauperis, filed this civil rights action on February 25, 2011 pursuant to 42 U.S.C. §

1983. (ECF No. 1.) This matter proceeds on Plaintiff's Fourth Amended Complaint

claims against Corcoran State Prison ("CSP") Defendants Hazel, Medina, Prudhel,

Navarro, Esquivel, G. Hernandez and F. Hernandez for excessive force, failure to

protect, and medical indifference in violation of the Eighth Amendment. (ECF No. 37.)

     Defendants filed a Motion to Dismiss the action on January 7, 2013 (ECF No.

49) pursuant to Fed. R. Civ. P. 12(b). Therein Defendants notified Plaintiff of his rights, obligations and methods for opposing the Motion to Dismiss pursuant to <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003). Plaintiff filed a Response to the Motion on February 19, 2013, including therein unnoticed requests for appointment of counsel and leave to amend to add unspecified claims not exhausted at the time the original complaint was filed. (ECF No. 55). Defendants filed a Reply on February 25, 2013. (ECF No. 56.)

The matter is now ready for ruling pursuant to Local Rule 230(l).

## II.   <u>LEGAL STANDARD</u>

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, the Court's review is generally limited to the operative pleading. <u>Daniels-Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010); <u>Sanders v. Brown</u>, 504 F.3d 903, 910 (9th Cir. 2007); <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 1003–04 (9th Cir. 2006); <u>Schneider v. California Dept. of Corr.</u>, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), <u>citing</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. <u>Daniels–Hall</u>, 629 F.3d at 998; <u>Sanders</u>, 504 F.3d at 910.

## III.   <u>ARGUMENTS</u>

### A.   <u>Defendants' Position</u>

Defendants move for dismissal on grounds (1) Plaintiff failed to exhaust his

administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to filing this action, (2) Plaintiff fails to state a claim for deliberate medical indifference, (3) Plaintiff is barred from claiming excessive force because he contests a rule violation conviction that lengthened his sentence such that his remedy must be pursued under 28 U.S.C. § 2254. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).

                1.    <u>Failure to Exhaust</u>

                    a.    Excessive Force and Failure to Protect

Plaintiff filed one appeal arising from the May 28, 2010 use of force, Appeal No. COR-10-1780 (the "Appeal"). (Campbell Decl. Ex. B.) This Appeal, treated as a staff complaint, did not find evidence of excessive force or violation of California Department of Corrections and Rehabilitation ("CDCR") policy at the second level. (<u>Id.</u>) The second level Appeal response was returned to Plaintiff by prison mail on July 27, 2010, and was available in his C-File. The Appeal informed Plaintiff of his right to seek review at the third level, and to provide justification for any late submission to the third level.

Plaintiff did not submit the Appeal to the third level. (Lozano Decl. ¶ 8.) Nothing suggests he was prevented from doing so.

Plaintiff failed to exhaust his May 28, 2010 excessive force and failure to protect claims.

                    b.    Medical Indifference

Plaintiff did not file any appeal arising from Defendants' alleged May 28, 2010 denial of medical care. Zamora Decl. ¶ 5. He did file health care appeals seeking treatment from medical staff (not Defendants) for his May 28, 2010 injuries. However these health care appeals were untimely and in any event did not exhaust Plaintiff's

-3-

1   instant claims against Defendants.[1] (Madruga Decl. ¶¶ 4-8.)

2            2.      Failure to State a Claim

3       Plaintiff attached exhibits to his prior pleadings, i.e. the original Complaint and

4   Second and Third Amended Complaints, which demonstrate he was provided with

5   immediate treatment on May 28, 2010, seen by medical personnel, and did not suffer

6   serious injuries. These records demonstrate Defendants did not prevent or delay

7   Plaintiff's access to medical treatment and show that Plaintiff received numerous

8   medical evaluations and treatments on May 28, 2010.

9            3.      Heck Bar

10      Plaintiff, as a result of this incident, was convicted of battery on a peace officer

11  resulting in the use of force. As a result he lost one hundred and fifty days behavioral

12  credits. His instant excessive force claim is therefore barred by Heck and Edwards. In

13  this circumstance, Plaintiff must obtain habeas corps relief before bringing a § 1983

14  action. Plaintiff has not successfully challenged the guilty finding and loss of credit for

15  battery upon an officer.

16      **B.    Plaintiff's Position**

17           1.      Request for Leave to Amend

18      Leave to add claims not exhausted at the time this action was filed should be

19  granted. A proposed amended pleading is included with the opposition.[2]

20           2.      Request for Appointment of Counsel

21      Counsel should be appointed on grounds Plaintiff has a fourth grade education,

22  is not familiar with court procedure and speaks little English.

23           3.      Exhaustion of Remedies

24      All remedies available have been exhausted all the way to the third level.

25  _____

26      [1] Appeals COR-HC-11041555, COR-09-10-14470, COR-09-10-14673, COR-09-11-11640.

27      [2] The Court is unable to locate any amended pleading in the opposition filing.

28                                      -4-

1    Plaintiff filed inmate appeals of the May 28, 2010 incident relating to force and

2  medical care, but was told by Defendant Sgt. Hazel the appeals were placed in the

3  trash and that he would never see them again. (ECF No. 55 at 4:3-4.).

4    The Appeal returned on July 27, 2010, and his rejected and denied medical

5  appeals, never reached him because of conspiracy between the Appeals Coordinator

6  and unidentified corrupt correctional officers.

7              4.    Failure to State a Claim

8    The instant claims are cognizable because Plaintiff reasonably posed no threat

9  to Defendants, was assaulted by Defendants without warning, and was denied medical

10  treatment.

11              5.    Heck Bar

12    The disciplinary hearing officer presiding over his battery upon an officer

13  violation is corrupt and conspired with corrupt correctional officers. Heck and Edwards

14  are not applicable in this case. (Id. at 9.)

15  **IV.   ANALYSIS**

16    **A.    Plaintiff's Request for Counsel Should be Denied**

17    Plaintiff has not properly noticed his request for relief. Fed. R. Civ. P. 7(b); Local

18  Rule 230(l).

19    Even if it had been properly noticed, Plaintiff does not allege facts suggesting

20  exceptional circumstances justifying appointment of counsel. Rand v. Rowland, 113

21  F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952,

22  954 n.1 (9th Cir. 1998). Even if Plaintiff is not well versed in the law and has made

23  serious allegations which, if proved, would entitle him to relief, his case is not

24  exceptional. The facts alleged to date appear straightforward and unlikely to involve

25  any extensive investigation and discovery. The papers filed by Plaintiff in this case

26  reflect an appreciation of the legal issues and standards and an ability to express

27

28                                                      -5-

1   same adequately in writing. Nothing suggests that Plaintiff has made diligent effort to

2   secure counsel.[3] Plaintiff's lack of funds alone does not necessarily mean efforts to

3   secure counsel would be futile.

4          The Court denied Plaintiff's April 4, 2013 Motion for Appointment of Counsel.

5   (ECF No. 58.) Plaintiff does not point to any basis in law or fact, or new or different

6   facts or circumstances, not previously considered by the Court. Fed. R. Civ. P.

7   60(b)(6). He cites to no error or other grounds supporting reconsideration. Marlyn

8   Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

9          **B.     Plaintiff's Request to Amend Should be Denied**

10         Plaintiff also fails to properly notice this request for relief. Fed. R. Civ. P. 7(b);

11   Local Rule 230(l).

12         Even if he had properly noticed a motion to amend, he does not show good

13   cause to add to the operative Fourth Amended Complaint unspecified claims allegedly

14   exhausted pursuant to the PLRA. Fed. R. Civ . P. 15(a). Plaintiff fails to identify the

15   claims to be added. He fails to explain how such claims are related to this action and

16   properly directed against Defendants named herein; when these claims arose; how

17   and when administrative remedies were exhausted; and why he did not assert these

18   claims earlier. Plaintiff may not assert unexhausted claims that arose prior to

19   commencement of this action. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.

20   2002).

21         **C.     Defendants' Motion to Dismiss for Failure to Exhaust Administrative**

22                 **Remedies Should be Granted**

23

24   _____

25         [3] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

26

27

28                                          -6-

1          1.   <u>Legal Standard</u>

2          The PLRA stipulates, "[n]o action shall be brought with respect to prison

3   conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

4   in any jail, prison, or other correctional facility until such administrative remedies as are

5   available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to

6   exhaust all available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549

7   U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion

8   requirement applies to all inmate suits about prison life, whether they involve general

9   circumstances or particular episodes, and whether they allege excessive force or some

10  other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Further, the exhaustion of

11  remedies is required, regardless of the relief sought by the prisoner, as long as the

12  administrative process can provide some sort of relief on the prisoner's complaint.

13  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative

14  remedies is necessary," and "demands compliance with an agency's deadlines and

15  other critical procedural rules . . . ." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-91 (2006).

16         The CDCR has an administrative grievance system for prisoner complaints; the

17  process is initiated by submitting a CDCR Form 602. Cal. Code Regs. tit. 15, §§

18  3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed:

19  an informal level, a first formal level, a second formal level, and a third formal level,

20  also known as the "Director's Level"; each successive appeal had to be submitted

21  within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).

22         Section 1997e(a) does not impose a pleading requirement, but rather, is an

23  affirmative defense under which Defendant has the burden of raising and proving the

24  absence of exhaustion. <u>Jones</u>, 549 U.S. at 215; <u>Wyatt</u>, 315 F.3d at 1119. The failure to

25  exhaust non-judicial administrative remedies that are not jurisdictional is subject to an

26  unenumerated Rule 12(b) motion, rather than a summary judgment motion. <u>Wyatt</u>, 315

27

28                                              -7-

1  F.3d at 1119, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d

2  365, 368 (9th Cir. 1998). In deciding a motion to dismiss for failure to exhaust

3  administrative remedies, the Court may look beyond the pleadings and decide

4  disputed issues of fact. Wyatt, 315 F.3d at 1119–20. If the Court concludes that the

5  prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

6  without prejudice. Id.

7                    2.    Plaintiff failed to Exhaust his Claims

8         Plaintiff filed this action on February 25, 2011. To have properly exhausted his

9  claims, he must have submitted an inmate appeal regarding the claims which give rise

10  to this action and obtained a third level decision prior to February 25, 2011. Woodford,

11  548 U.S. at 85–86 (2006); McKinney, 311 F.3d at 1199–1201.

12         The incident at issue occurred on May 28, 2010. (ECF No. 25 at 7-10.) After this

13  date, it appears Plaintiff did not file any medical indifference appeal (Madruga Decl. ¶¶

14  4-8.) and filed only one use of force appeal, i.e. the Appeal filed on June 5, 2010.

15  (Campbell Decl., Exh. B.) It further appears the Appeal, partially granted (as to staff

16  review) and partially denied (as to staff misconduct) at the second level, was returned

17  to Plaintiff by prison mail on July 27, 2010. (Campbell Decl. ¶ 5-6; Opp'n at 33-37.)

18         Plaintiff claims he did not receive the second level Appeal decision and thus

19  was prevented from filing at the third level. Where prison officials prevent exhaustion

20  from occurring through misconduct or failure to respond to a grievance, an exception to

21  exhaustion may apply. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008); see

22  e.g.,Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take

23  unfair advantage of the exhaustion requirement, [] and a remedy becomes

24  'unavailable' if prison employees do not respond to a properly filed grievance or

25  otherwise use affirmative misconduct to prevent a prisoner from exhausting."), quoting

26  Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

27

28                                        -8-

1
2
3
4
5
6
7
8
9
10

Plaintiff's assertion that he did not receive the second level Appeal decision is uncorroborated and incredible. Plaintiff was advised on August 9, 2010, in response to his August 5, 2010 inquiry (ECF No. 55 at 38), that the second level Appeal had been partially granted and returned to him by prison mail on July 27, 2010. (Id.) He continued to question the whereabouts of his Appeal, (Id. at 38) but otherwise took no action. He did not request a copy or review his central file for a copy. Even after he was provided with a copy marked "treat as original" on or about December 7, 2010, and was advised he could file for third level review along with evidence documenting the reasons for untimely filing (Id. at 15), he failed to seek review at the third level. (Lozano Decl. ¶ 8.)

11
12
13

Plaintiff's pleading alleges completion of exhaustion at all three levels. Nowhere is it even suggested that he was prevented from exhausting his administrative remedies or that Defendants' interfered with Plaintiff's prison mail.

14
15
16
17
18
19

Nothing filed by Plaintiff creates any real question as to the accuracy of Defendants' history of his administrative appeals. See Harvey v. Ayala, No. 1:10-cv-02343-LJO-MJS (PC) 2013 WL 394044, *4 (January 30, 2013) (allegation by plaintiff that staff complaint appeal was not processed, preventing him from exhausting his administrative remedies, found to be unsupported by the appeal record and defendants' contrary declarations found to be unrebutted).

20
21
22
23
24
25
26
27

Plaintiff must do more than attack the credibility of defendants' evidence and deficiencies in the appeals process. See National Union Fire. Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment."); Porter, 534 U.S. at 524 (remedies must be exhausted, and need not meet federal standards or be plain, speedy, and effective). Rather, a plaintiff must set forth some evidence that supports his position that defendants are not entitled to dismissal based on his failure to exhaust (i.e., evidence that plaintiff did in fact exhaust).

28

Plaintiff failed to file the Appeal for third level review. Nothing before the court suggests Defendants prevented Plaintiff from exhausting administrative remedies for the claims asserted in this action. The Eighth Amendment claims on which Plaintiff is currently proceeding were not properly exhausted.[4]

## V.   CONCLUSIONS AND RECOMMENDATIONS

Plaintiff's unnoticed requests for appointment of counsel and leave to amend to add unspecified claims not exhausted at the time the original complaint was filed are procedurally and substantively deficient.

The Eighth Amendment claims on which Plaintiff is currently proceeding were not properly exhausted.

Accordingly, for the reasons stated above the undersigned RECOMMENDS that (1) Plaintiff's unnoticed requests for appointment of counsel and leave to amend to add unspecified claims not exhausted at the time the original complaint was filed (ECF No. 55) are procedurally and substantively deficient should be DENIED, (2) Defendants' Motion to Dismiss this action on grounds the Eighth Amendment claims on which Plaintiff is currently proceeding were not properly exhausted should be GRANTED and this action dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are

---

[4] Given its finding herein, the Court need not and will not reach Defendants' alternative arguments, that Plaintiff's only avenue for relief is under 28 U.S.C. § 2254 and that the medical indifference claim is deficient.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   May 7, 2013                      /s/  *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE